STATE OF HAWAI'I, Appellee-Appellee,
v.
TIMOTHY SNEDEKER, Defendant-Appellant (Cr. No. 07-1-417)
STATE OF HAWAI'I, Appellee-Appellee,
v.
TIMOTHY C. SNEDEKER, Defendant-Appellant (Cr. No. 06-1-0549)
HAWAI'I, Appellee-Appellee,
v.
SNEDEKER, Defendant-Appellant (Cr. No. 07-1-0392)
HAWAI'I, Appellee-Appellee,
v.
SNEDEKER, Defendant-Appellant (Cr. No. 06-1-0547)
HAWAl'l, Appellee-Appellee,
v.
SNEDEKER, Defendant-Appellant (Cr. No. 07-1-0362) and
STATE OF HAWAl'l, Appellee-Appellee,
v.
TIMOTHY SNEDEKER, Defendant-Appellant (Cr. No. 07-1-0363)
Nos. 28942, 28960, 28961, 28962, 28963, 28964
Intermediate Court of Appeals of Hawaii.
June 30, 2009.
On the briefs:
Ivan L. Van Leer for Defendant-Appellant.
Anson K. Lee, Deputy Prosecuting Attorney, County of Hawai'i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., NAKAMURA, and LEONARD, JJ.

A. Appeal No. 28942
Pursuant to the amended complaint filed on October 22, 2007,[1] Defendant-Appellant Timothy Snedeker (Snedeker) was charged with committing the following offenses: Driving without a license in violation of Hawaii Revised Statutes (HRS) § 286-102 (2007), on or about May 13, 2007 (count 1); racing on highways in violation of HRS § 291C-103 (2007), on or about May 13, 2007 (count 2); excessive speeding in violation of HRS § 291C-105 (2007), on or about May 13, 2007 (count 3); operating a motor vehicle with no no-fault insurance in violation of HRS § 431:10C-104(a) (2005), on or about May 13, 2007 (count 4), May 8, 2007 (count 6), and June 19, 2007 (count 8); and driving while license suspended or revoked in violation of HRS § 286-132 (2007), on or about May 8, 2007 (count 5) and June 19, 2007 (count 7) .
On October 3, 2007, the Office of the Public Defender (Public Defender), through the deputy public defender who had been assigned to represent Snedeker, filed a motion to withdraw as counsel pursuant to the Hawai'i Rules of Professional Conduct (HRPC) Rule 1.16 (1994). In a declaration attached to the motion, the deputy public defender stated that (1) Snedeker wished to use a defense that the Public Defender considered imprudent; (2) she had explained to Snedeker that the issue was imprudent and that the Public Defender would not be able to represent him if he chose to proceed with the argument; (3) Snedeker understood that the Public Defender would not represent him if he pursued the argument but wished to continue with his plan of defense; (4) HRPC Rule 1.16(b)(3) (1994) allows a lawyer to withdraw from representing a client if "a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent"; and (5) therefore, the motion to withdraw should be granted.
On October 5, 2007, Snedeker, pro se, filed a "Motion to Dismiss Complaint is Unconstitutional" (motion to dismiss). In the motion to dismiss, Snedeker claimed that the charges against him must be dismissed "on the grounds of County and State government operation's selective enforcement of a civil/criminal law is unconstitutional based on racial discrimination and that violates [Snedekerfs] constitutional rights and commits our nation to racial equality" (racial discrimination issue).
On October 23, 2007, the circuit court[2] entered an order granting in part and denying in part the Public Defender's motion to withdraw as counsel. The circuit court allowed the Public Defender "to withdraw as counsel with respect to the content and substance of [Snedeker's] anticipated pretrial motion" but ordered the Public Defender to "be available as standby counsel with respect to questions regarding form and procedure." The circuit court denied the Public Defender's motion "[w]ith respect to all other trial and pretrial matters[.] "
On November 7, 2007, the circuit court denied Snedeker's motion to dismiss. Snedeker entered conditional guilty pleas to the charges against him, and on December 5, 2007, the circuit court entered an amended judgment, nunc pro tunc to November 20, 2007, convicting and sentencing Snedeker for the charged offenses.
On appeal, Snedeker contends that (1) he received ineffective assistance of counsel because the deputy public defender assigned to represent him would not raise or argue a defense that Snedeker wished to assert at trial, and (2) the State's refusal to issue him a driver's license is an unconstitutional abridgement of his rights. We affirm.
The record indicates that Snedeker stipulated to enter conditional guilty pleas to the charges against him "so as to preserve [his] right to appeal the [circuit court's] denial of [his] [m]oticn to [d]ismiss" the charges against him based on racial discrimination. However, Snedeker has made no argument on appeal about the denial of his motion to dismiss. Instead, he claims that "he has an absolute obligation to drive a motor vehicle because of the location where he resides which is located in the remote and rural District of Puna, on the Island of Hawaii, that in order to purchase food and supplies to sustain life, he must drive, that there is no other rational means of transportation available" and, accordingly, his fundamental right to travel was violated. Snedeker also maintains that he "knows all the fundamentals of driving and is otherwise qualified," and "where the State refuses to issue [him] a drivers [sic] license, [he] is thereby being discriminated against and [his] rights to due process and equal protection under the law is being denied."
Since Snedeker preserved the right to appeal his convictions based on the denial of his motion to dismiss for racial discrimination but has not made any argument on appeal as to the racial discrimination issue, the argument is waived. Hawai'i Rules of Appellate Procedure Rule 28(b) (4) (2008) . By failing to argue the racial discrimination issue on appeal, Snedeker has not demonstrated that he suffered a substantial impairment of a potentially meritorious defense or that his trial counsel was ineffective for refusing to file a motion to dismiss based on the racial discrimination issue.
It is unnecessary for us to address Snedeker's argument that the State unconstitutionally abridged his right to be issued a driver's license because his conditional plea did not allow him to raise this argument on appeal. We observe, however, that Snedeker was charged with driving while his 1icense was suspended or revoked. Therefore, he had been previously issued a driver's 1icense.
The amended judgment entered on December 5, 2 007, nunc pro tunc to November 20, 2CC7, is affirmed.

B. Appeal Nos . 28960, 28961, 28962, 28963, and 28964
In each of these appeals, Snedeker challenges a judgment entered by the circuit court[3] on November 26, 2007, nunc pro tunc to November 20, 2007, convicting and sentencing him for driving while license suspended or revoked in violation of HRS § 286-132 (2007), and operating a motor vehicle without no-fault insurance in violation of HRS § 431:10C-104 (a) (2 005), on five separate occasions.
The underlying facts and the legal issues involved in these appeals are very similar to appeal No. 28942. For the reasons set forth above, we affirm the judgments entered by the circuit court that underlie appeal Nos. 28960, 28961, 28962, 28963, and 28964.
NOTES
[1] The original four-count complaint against Snedeker was filed by-Plaintiff-Appellee State of Hawai'i (State) on August 27, 2007 in the District Court of the Third Circuit. Upon Snedeker's demand for a jury trial, the case was committed to the Circuit Court of the Third Circuit (circuit court).
[2] The Honorable Glenn S. Hara (Judge Hara) presided over all proceedings relevant to this appeal.
[3] Judge Hara entered the judgment in each of the cases that were consolidated by this court for appeal purposes.